|   |   |
|---|---|
|   | Honorable Brian D. Lynch    Chapter 11 |
|   | Hearing Date: February 8, 2023 |
|   | Hearing Time: 9:00 am |
|   | Location: Tacoma, Courtroom I |
|   | Response Date: February 1, 2023 |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| In Re: | Case No. 22-40098-BDL |
|---|---|
| HERBERT L. WHITEHEAD, III, | UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CHAPTER 11 CASE |
| Debtor. | |

Acting United States Trustee for Region 18, Gregory M. Garvin (the "United States Trustee"), by and through his undersigned counsel, hereby moves the Court for an order converting or dismissing the case of the above-captioned debtor-in-possession, Herbert L. Whitehead, III (the "Debtor") pursuant to 11 U.S.C § 1112(b). The United States Trustee is moving for dismissal based on bad faith and the totality of the circumstances.

On December 3, 2021, the Pierce County Superior Court entered a corrected judgment against Debtor in the amount of $1,664,148.09, in favor of Kenneth an Alice Wren (the "Wrens"). ECF #33, pgs. 24-35. The Debtor has been afforded ample opportunity to propose a confirmable chapter 11 plan or to come to an agreement with his creditors. Instead, however, Debtor has proposed a series of plans each proposing worse treatment to his creditors than the last, and he has provided minimal information about his finances to his creditors. Given the lack of progress and information, the case should be dismissed, and the issues resolved by the state court.

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 1

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

In support of this motion, the United States Trustee represents and alleges as follows:

1. This Court has jurisdiction over the motion pursuant to 11 U.S.C. §§ 307 and 1112(b).

2. The United States Trustee brings the motion pursuant to his authority to supervise the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3) and pursuant to 11 U.S.C. § 1112(b)(1).

3. This motion is supported by the documents of record filed in this case as cited herein.

I. **FACTUAL BACKGROUND**

Debtor filed a petition for relief under Title 11, chapter 11, subchapter V, on January 27, 2022, with the schedules and statements due on February 11, 2022. ECF ##1 and 2. As of the date of this Motion, the case has been pending for approximately one year, and a further hearing on confirmation is scheduled for January 11, 2022.

Despite the time allotted to the Debtor to resolve the issues in this case, the proposed plan has changed very little, and is no closer to being confirmable. Debtor filed the original chapter 11, small business, subchapter V, plan on April 26, 2022 (the "Original Plan"). ECF #75. The Court issued the scheduling order on April 28, 2022, which set the first confirmation hearing for June 7, 2022. ECF # 76. Objections were filed by both the Wrens and the United States Trustee. ECF ##92, 94. The Original Plan was not confirmed on June 7, instead, confirmation was continued, and a status conference was set for August 10, 2022. ECF #99. On July 18, 2022, the subchapter V trustee, Mike DeLeo, filed a letter with the Court requesting a continued hearing due to his unavailability on August 8, 2022, and because the parties were attempting to schedule a mediation to resolve "as many Plan objections as possible." ECF #110.

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 2

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

On July 25, 2022, Debtor filed the first amended chapter 11 plan (the "Amended Plan Dated July 25, 2022). The Amended Plan Dated July 25, 2022, increased the value of Debtor's assets from $2,008,955.48 to $2,128,955.48, but decreased the proposed distribution to general unsecured creditors from $128,655.48 to $63,655.48. Compare ECF #75, pg. 10; ECF #112 pg. 15. The Amended Plan Dated July 25, 2022, also removed a co-debtor stay (ECF #75, pg. 11-13), deleted class 1 (ECF #112, pg. 18), changed the treatment of the class 4 claims by reducing the interest rate from 4% to 3% on the claim secured by the residence (Compare ECF #75, pg. 17; ECF #112, pg. 20), and made several other changes to the non-monetary provisions of the plan.

Based on the time records submitted in connection with Salish Sea Legal PLLC's Interim Application for Compensation, a six-hour mediation was held on August 8, 2022. ECF #119-2, pg. 5. Thereafter, Debtor filed a second amended plan on December 7, 2022, (the "Amended Plan Dated December 7, 2022"). ECF #135 Substantively, little changed between the Amended Plan dated June 7, 2022, and the Amended Plan Dated December 7, 2022.

The Amended Plan Dated December 7, 2022, reduced the distribution to unsecured creditors an additional $10,000.00 to $53,655.48, updated class 3 claims to reflect that the litigation with First Horizon had been resolved, and reduced the interest to be paid to the Wrens for the vehicle claims from four-percent to three-precent, and reduced the monthly payment from $837.95 per month to $314.45 per month. A similar reduction in interest rate was made to class 5 claims. Thus, despite a year in bankruptcy, the parties actually appear to be further away from resolving their issues than when the case started.

These issues are exacerbated by the Debtor's failure to keep records. As noted in both the United States Trustee's objections to confirmation, no records exist that a third party could

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE - Page 3

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

use to substantiate Debtor's income. ECF ##94, 95, 114. The Debtor admits that no records exist and that he does not keep such records. This practice has not changed since filing, and no additional documentation has been provided. In addition, the monthly operating reports provide a minimum of information. The reports typically only report the cash balance at the beginning of the month, plus total receipts, and total disbursements. *See* ECF ## 25, 68, 69, 86, 103, 111, 115, 116, 124, 134, 143, and 144.

## II. AUTHORITY AND ARGUMENT

Bankruptcy Code section 1112(b) provides that "absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under chapter 11 to a case under chapter 7 or dismiss a case under chapter 11, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1). Section 1112(b) establishes a two-step analysis for addressing questions of conversion or dismissal. First, the court must determine whether cause exists for conversion or dismissal. Second, the court must "apply a 'balancing test' to choose between conversion or dismissal based upon the 'best interests of the creditors and the estate.'" *In re AVI, Inc.*, 389 B.R. 721, 729 (B.A.P. 9th Cir. 2008), *citing In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006); *see also In re Owens*, 552 F.3d 958, 960-61 (9th Cir. 2009) (court must consider interests of all creditors).

This case should be dismissed due to the gross mismanagement of the estate. "The debtor in possession is not free to deal with estate property as he chooses, but holds it in trust for the benefit of creditors, standing in the shoes of a trustee in every way." *U.S. v. Stanmock, Inc. (In re Stanmock, Inc.),* 103 B.R. 228, 233 (9th Cir. BAP 1989) (citation and internal quotation

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 4

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

marks omitted). A debtor-in-possession has a duty to keep the court and its creditors informed about the status and condition of its business. *Petit v. New England Mortg. Services, Inc.,* 182 B.R. 64, 69 (D.Me. 1995); *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 565 (Bankr. M.D.Pa (2007). As noted above, the Debtor has not met his fiduciary duty. He has not kept records to account for property of the estate, namely how is earnings are calculated. Instead, Debtor has chosen to provide a bear minimum of information. Such conduct would not be tolerated of any other trustee in bankruptcy, nor should it be tolerated here.

This lack of information makes it impossible for a party to evaluate the Debtor's prospects of rehabilitation or the health of the estate. This information is needed not only for confirmation, but also because conversion or dismissal is appropriate where there is (1) a substantial and continuing loss to or diminution of the estate and (2) absence of a reasonable likelihood of rehabilitation. 1112(b)(4)(A). "The loss may be substantial or continuing. It need not be both in order to constitute cause under § 1112(b)(4)(A)." *In re Creekside Senior Apartments, L.P.,* 489 B.R. 51, 61 (6th Cir. BAP 2013). For example, the Ninth Circuit BAP has found a substantial or continuing loss where "the record…reflects that Debtor was not consistently collecting the approximate $135,000 monthly rent from the dealerships. *Hassen Imps. P'ship v. City of W. Covina (In re Hassen Imps. P'ship),* No. CC-13-1019-KiPaD, 2013 Bankr. LEXIS 3870, at *40 (B.A.P. 9th Cir. Aug. 19, 2013). In the present case, the Debtor has not provided enough information to determine whether he is in fact collecting all of his receivables because he does not keep track of what he is owed.

A chapter 11 case may also be dismissed or converted for lack of good faith. "Although section 1112(b) does not explicitly require that cases be filed in "good faith," courts have overwhelmingly held that a lack of good faith in filing a Chapter 11 petition establishes cause for

UNITED STATES TRUSTEE'S MOTION TO
CONVERT OR DISMISS CASE - Page 5

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

dismissal." *Marsch v. Marsch (In re Marsch),* 36 F.3d 825, 828 (9th Cir. 1994) (citing *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986)). "The existence of good faith depends on an amalgam of factors and not upon a specific fact." *In re Arnold,* 806 F.2d 937, 939 (9th Cir. 1986). "The test is whether a debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *In re Marsch*, 36 F.3d at 828 (citing *In re Arnold,* 806 F.2d at 939).

Given the lack of progress, this case should be dismissed. Debtor has been afforded ample opportunity to confirm a chapter 11, sub-V plan. Instead of moving the case forward, the Debtor is proposing plans that offer consistently worse treatment to creditors, without appearing to compromise any of the outstanding issue. In the twelve months this case has been pending, the parties are no closer to a speedy, efficient reorganization than when the case was filed. As such, it appears as if this case was filed simply to prevent the execution of the Wren's judgment while the underlying matters work their way through Pierce County Superior Court.

The U.S. Trustees submits that dismissal might be in the best interest of creditors. The primary purpose behind this filing was to deal with the Wren's judgment. There are no clear unexempt assets, and it is unclear what benefit creditors would receive from a conversion to chapter 7.

The U.S. Trustee is not aware of any "unusual circumstances" present that justify not converting or dismissing the chapter 11 case pursuant to §1112(b)(2).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order either converting this chapter 11 case to a case under chapter 7, or dismissing this chapter 11 case, whichever the Court determines to be in the best interest of creditors. Alternate proposed order forms are filed herewith.


Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566

Dated: January 10, 2023

                         Respectfully submitted,

                         GREGORY M. GARVIN
                         Acting United States Trustee for Region 18

                         /s/ *Matthew J.P. Johnson*
                         Matthew J.P. Johnson, WSBA No. 40476
                         Attorney for United States Trustee

UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE - Page 7

Office of the United States Trustee
United States Courthouse
700 Stewart Street, Suite 5103
Seattle, Washington 98101
(206) 553-2000
Fax: (206) 553-2566