# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

HERBERT L. WHITEHEAD, III,

    Debtor-in-Possession

Main Case No. 22-40098-BDL

REPLY IN SUPPORT OF OBJECTION TO BRAUTIGAN PROOF OF CLAIM

## I. INTRODUCTION

In Brautigan's response to the Objection to Proof of Claim, the creditor requests more time to articulate his legal position as to how much money he thinks that the Chapter 7 bankruptcy estate owes him: "*Brautigan respectfully asks for a continuance to conduct discovery and for an evidentiary hearing on the claim.*" ECF No. 255 at p. 1.

The 2 extensive trials just completed considered the various factual allegations underpinning most if not all of the Brautigan proof of claim.[1] On this record, Brautigan should

---

[1] First in Pierce County for a month in February 2023 and then 9 days in Bankruptcy Court, March 20 until April 3, 2023. It is true that Brautigan was only a party in the first case, but he was more than a day-long witness in the second case. Moreover, while Whitehead was not a party in the first case, he was the exclusive defendant in the second federal case, and in the Pierce County case Whitehead sat as a witness for several days, during which time Brautigan's attorney had multiple opportunities to cross-examine Whitehead as well as depose him.

REPLY IN SUPPORT OF
BRAUTIGAN PROOF OF CLAIM - 1

SALISH SEA LEGAL, PLLC
2212 Queen Anne Ave N., No. 719
Seattle, WASHINGTON 98109
(206) 257-9547

commit to *where* on the spectrum between $0 and $5MM his claim against Whitehead falls. At present, the creditor equivocates mightily:

(a) Section 7 of Proof of Claim 8, states that on the basis of the "*lawsuit for fraudulent transfer, violation of RCW 9A.82, and 19.86*" Brautigan is owed $1,155,654.42; attached to the Proof of Claim as *Exhibit A* is the creditor's verified amended lawsuit in Pierce County Superior Court.
(b) On the Proof of Claim Attachment, ECF No. 8-1 at p. 1, Brautigan hedges a specific damages calculation by asserting "*The amount of the Debtor's liability remains to be determined*" and later, "*Claimants may seek leave to supplement this proof of claim with testimony or other additional evidence in further support of that estimate.*"
(c) Finally, in the same Attachment, the creditor asserts "*Claimants were harmed as stated in their Verified Amended Crossclaims, Exhibit 1 hereto and totals $3,579,963.26. This calculation includes ten years of lost past and future earnings and assets to produce the same.*"

Given the foregoing, at the upcoming hearing, Brautigan needs to articulate with particularity what *new* or *unresolved* issues or claims they propose to assert against the bankruptcy estate. If there are no good faith claims separate and apart from those of Mr. Wrens (whose claims have all been adjudicated), then the Brautigan proof of claim should be dismissed/ withdrawn.

## II. STATEMENT OF FACT

The Bankruptcy Court's May 19, 2023 Judgment adjudicated a substantial number of facts and legal conclusions concerning Brautigan's relationship with Whitehead, even though it was litigation between Wren and Whitehead.

Similarly, in Pierce County Superior Court, Brautigan's affirmative claims against J&N were dismissed before trial in the state court. Brautigan's affirmative claims against Gage Whitehead were dismissed in the midst of trial, after he rested, because Brautigan failed to put on any evidence that would support those claims.

REPLY IN SUPPORT OF
BRAUTIGAN PROOF OF CLAIM - 2

SALISH SEA LEGAL, PLLC
2212 Queen Anne Ave N., No. 719
Seattle, WASHINGTON 98109
(206) 257-9547

### III. LEGAL ARGUMENT

The creditor's basic response to the Objection to the Proof of Claim is that it is unclear what the basis for the objection is. ECF No. 255 at p. 2. It is in fact, as Brautigan surmises – 11 U.S.C. § 502(b)(1): "*such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.*" Brautigan further complains that Whitehead has "*he fail[ed] to describe any agreement or applicable law which could invalidate the claim.*"

The relevant authority is the Court's judgment in the Wren adversary proceeding at which Mr. Brautigan appeared as a witness in late April 2023, and answered extensive questions about his proof of claim filed here. In that case, all relevant state court decisions were admitted into evidence. Therefore, the relevant basis for invalidating the proof of claim is either "law of the case" here, or documents and rulings that are matters of public record, and need not to further appended to this motions practice. Brautigan arguably had an independent duty – once all these parallel suits were resolved – to update the Court as to what the new reasonable value was of his proof of claim. Having declined to unilaterally narrow the scope or amounts of his claim, Whitehead has filed the present motion to allow creditor one last chance to reasonably identify what presently may fairly be at issue.

#### A. We Don't Need a Third Trial for Issues Resolved at the First Two Trials

The Brautigan proof of claim directs one to the Brautigan Amended Verified Complaint, which in turn contains 4 causes of action: Conversion: Unjust Enrichment; Unfair or Deceptive Business Practices (injunction); Criminal Profiteering; and Civil Conspiracy.

REPLY IN SUPPORT OF
BRAUTIGAN PROOF OF CLAIM - 3

SALISH SEA LEGAL, PLLC
2212 Queen Anne Ave N., No. 719
Seattle, WASHINGTON 98109
(206) 257-9547

These are basically all the issues that this Court (or Pierce County Superior Court) has already decided. In particular, Bankruptcy Court has determined that there was no Whitehead conspiracy or criminal profiteering in the recent bankruptcy court decision. For example:

> This adversary proceeding arises out of a series of bad loans made by Wren to S&S, under the primary control of Brautigan, and a failed business model of acquiring used car inventory in Canada. ***Fundamentally, this is not a case of criminal profiteering. Wren and his friend, Brautigan, have attempted to revise history, make Defendant a de facto owner of S&S, and place him at the center of a quasi-criminal conspiracy involving Gage Whitehead, J&N, Russell, and Frame. Neither the Pierce County Superior Court nor this Court have found such a conspiracy.*** In reality, Brautigan was the sole owner of S&S. Brautigan personally guaranteed the S&S Notes, and Brautigan committed significant personal and business assets as collateral for Plaintiffs' loans.

*Id*. at p. 62 (emphasis added).

Accordingly, those causes of action should be dropped by Brautigan from Proof of Claim No. 8. Similarly, any conversion claims found in favor of Wren, have now been satisfied. ECF No. 122. If Brautigan believes he may still have an "unfair or deceptive business practices claim" beyond what was already decided at trial, he should say so, and indicate what relevant facts this legal theories relies on. At present, the cause of action in the Amended Complaint (paragraphs 94-98) is threadbare and relates exclusively to the remedy of injunctive relief:

> *Brautigan here realleges the allegations set forth above in this Crossclaim.*
> *The foregoing conduct has a public interest impact and/or threat of repetition*
> *Defendants' conduct violates the Washington Consumer Protection Act, ch. 19.86 RCW directly, and to the extent it violates other applicable laws such as RCW 9A.82.*
> *Brautigan has been injured by Defendants' conduct.*
> *This unfair and deceptive practice should be enjoined as authorized by the Washington Consumer Protection Act, ch. 19.86 RCW.*

**B.  Brautigan Lacks Standing to File Any Proof of Claim or the Claims are Time-Barred**

REPLY IN SUPPORT OF
BRAUTIGAN PROOF OF CLAIM - 4

SALISH SEA LEGAL, PLLC
2212 Queen Anne Ave N., No. 719
Seattle, WASHINGTON 98109
(206) 257-9547

Ken Wren recently litigated a wide variety of fraud and quasi-criminal civil causes of action against Whitehead in this Court, and generally was unsuccessful. A wide number of claims held by Wren were transferred by Stanford & Sons to Wren in late 2019 in partial satisfaction of S&S's debts to Wren. Brautigan Amended Verified Complaint at para. 84 ("*As previously alleged, defendant Stanford and Sons has assigned its causes of action against the other defendants as a part of Stanford's efforts to satisfy its contractual obligations to plaintiffs Kenneth and Alice Wren.*") Those claims are listed within Wren proof of claim no. 6.

The four causes of action asserted by Brautigan in his proof of claim no. 8 include theories of liability that would appear to be clearly corporate in nature and involve corporate (S&S) assets (Conversion: Unjust Enrichment; Unfair or Deceptive Business Practices; Criminal Profiteering; and Civil Conspiracy), and therefore be included within the causes of action transferred by S&S to Wren, and recently adjudicated by this Bankruptcy Court.

In order to proceed asserting these claims, Mr. Brautigan should articulate why or how any of his personal claims asserted in the proof of claim, did not belong to Stanford & Sons, and were not already assigned to Mr. Wren and adjudicated fully. Furthermore, if Brautigan's claims all accrued in 2019, it is hard to see how they are not stale under RCW 4.16.80 (fraud and quasi-fraud, 3 year statute of limitations).

**C.      Brautigan's Claims that Rely on Theories of Liability Involving Whitehead and a Co-Defendant, Have All Been Decided Adverse to the Creditor**

Section 8 of Brautigan's Proof of Claim No. 8 states that the basis for the claim is "*lawsuit for fraudulent transfer, violation of RCW 9A.82, and 19.86.*" Fraudulent conveyance

REPLY IN SUPPORT OF
BRAUTIGAN PROOF OF CLAIM - 5

SALISH SEA LEGAL, PLLC
2212 Queen Anne Ave N., No. 719
Seattle, WASHINGTON 98109
(206) 257-9547

and conspiracy require the participation of more than one party, and Brautigan/Wren have effectively been unable to demonstrate any joint misconduct involving Whitehead together with anyone else, in 2 trials.

Indeed, there has been a sea-change between the legal landscape today and back in 2020 when Brautigan filed his complaint in state court against Whitehead and all his business associates and family members, substantially paralleling the Wren claims against Whitehead.

By mid-2023, the quantum of damages still reasonably available to Brautigan must be more clear than when the proof of claim was filed, not less clear. 15 months ago, as stated, Brautigan was still hedging his bets as to whether he was owed around $1 million (Section 7 of Proof of Claim No. 8) or more than $3 million (Attachment to Proof of Claim No. 8).

No further conditions precedent exist for Brautigan to articulate whether there is a real financial controversy by him personally against Whitehead. Therefore this objection to proof of claim requests the creditor stake out a realistic position so that the case can be properly administered.

## IV. CONCLUSION

Enough time has passed that Brautigan should be in a position to explain what remains of his proof of claim theories of liability against the bankruptcy estate, without the need for further discovery. At the upcoming hearing, Brautigan should specifically explain:

    (a) how he has not assigned all his individual claims referenced in Proof of Claim No, 8, over to Wren;
    (b) why any issues decided against Wren either by Whitehead or his son do not conclusively decide the issues against Brautigan;
    (c) how statute of limitations back to July 2019 do not conclusively resolve Brautigan's claims against Whitehead; and

REPLY IN SUPPORT OF
BRAUTIGAN PROOF OF CLAIM - 6

SALISH SEA LEGAL, PLLC
2212 Queen Anne Ave N., No. 719
Seattle, WASHINGTON 98109
(206) 257-9547

(d) whether Brautigan genuinely plans to initiate litigation to vindicate his claims to the extent that they are disputed?

No further discovery is necessary, and either at the upcoming hearing or within 10 days thereof, Brautigan should present a further amended complaint, limiting his claims to only those raised in good faith and with particularity.

DATED THIS 12th day of July, 2023

SALISH SEA LEGAL PLLC

  /s/ Ben Ellison
Benjamin A. Ellison, WSBA #48315
2212 Queen Anne Ave N., No. 719
Seattle, WA 98109
Attorney for Herbert Whitehead

REPLY IN SUPPORT OF
BRAUTIGAN PROOF OF CLAIM - 7

SALISH SEA LEGAL, PLLC
2212 Queen Anne Ave N., No. 719
Seattle, WASHINGTON 98109
(206) 257-9547

REPLY IN SUPPORT OF
BRAUTIGAN PROOF OF CLAIM - 8

SALISH SEA LEGAL, PLLC
2212 Queen Anne Ave N., No. 719
Seattle, WASHINGTON 98109
(206) 257-9547