Entered on Docket November 13, 2023

**Below is the Order of the Court.**



_____
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

___

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

Herbert L. Whitehead, III,

Debtor.

Case No. 22-40098-BDL

**Order on Trustee's Objection to Debtor's Homestead Exemption**

On October 4, 2021, the Pierce County Superior Court granted summary judgment in favor of Creditors Kenneth and Alice Wren and against Debtor Herbert L. Whitehead, III (the "Pierce County Summary Judgment Order"). ECF No. 33, Ex. 4. The Pierce County Summary Judgment Order found Debtor in default on a line of credit held by the Wrens and entered a decree of judicial foreclosure on a deed of trust given by Debtor to the Wrens' predecessor in his real property located in Lake Tapps, Washington (the "Deed of Trust"). *Id.* The Pierce County Superior Court entered a final judgment on the Pierce County Summary Judgment Order. *Id.* at Ex. 5 and Ex. 6. Debtor filed a notice of appeal to Division II of the Court of Appeals of the State of Washington on November 23, 2021.

Debtor filed for bankruptcy on January 27, 2022. ECF No. 1. On May 9, 2023, Division II of the Court of Appeals of the State of Washington reversed and remanded the Pierce County Summary Judgment Order (the "Court of Appeals Opinion"). ECF

No. 272-1. On August 18, 2023, the Wrens filed a petition to the Supreme Court of the State of Washington seeking review of the Court of Appeals Opinion (the "Petition for Review"). *Id.* On August 24, 2023, the Supreme Court of the State of Washington stayed the Petition for Review due to Debtor's bankruptcy. ECF No. 272-7.

Meanwhile, on July 17, 2023, Debtor initiated an adversary proceeding against the Wrens (the "Adversary Proceeding"). Case No. 23-04024-BDL, ECF No. 1. The Adversary Proceeding largely mirrors the Petition for Review. *Compare id.*, *with* ECF No. 272-1.

On October 6, 2023, the Court granted the Wrens relief from stay to pursue the Petition for Review. ECF No. 300. The Court also entered an order abstaining from the Adversary Proceeding at least until the Supreme Court of the State of Washington has ruled on the Petition for Review. Case No. 23-04024-BDL, ECF No. 22.

Before the Court abstained from the Adversary Proceeding, Chapter 7 Trustee Kathryn Ellis objected to the homestead exemption Debtor claims in his Lake Tapps property (the "Objection"). ECF No. 261. Trustee contends that the Adversary Proceeding is the functional equivalent of an avoidance action, that only she may pursue an avoidance action, and that Debtor voluntarily transferred the Deed of Trust. ECF No. 287; ECF No. 306. Trustee argues that pursuant to 11 U.S.C. § 522(g), Debtor may not exempt any property recovered through the Adversary Proceeding. ECF No. 287; ECF No. 306.

Debtor opposes the Objection. ECF No. 303. On November 8, 2023, the Court held a hearing on the Objection (the "Hearing"). Trustee, Debtor, and the Wrens appeared at the Hearing. At the Hearing, the Court continued the Objection pending the Washington State Supreme Court's ruling on the Petition for Review.

Therefore, it is hereby

ORDER ON TRUSTEE'S OBJECTION TO
DEBTOR'S HOMESTEAD EXEMPTION

1     ORDERED that Debtor shall advise the Court and Trustee of the Supreme Court of the State of Washington's decision within five (5) days of its ruling on the Petition for Review.

///End of Order///

Order on Trustee's Objection to
Debtor's Homestead Exemption